NUGENT & CO. v. J. C. MARTIN.

(No. 1705, Op. Book No. 2, p. 465.)

APPEAL from Hill County. Opinion by QUINAN, J.

§ 1173. *Payment; plea of, must be definite; agent selling on commission must keep and render account; gross neglect, etc., forfeits commissions.* Appellants sued appellee for lumber which they had shipped to him at Waco, and which, as their agent, he was to sell for cash, and account to them for the proceeds, less his commissions, and which they alleged he failed to do. Appellee answered that he had more than paid appellants for the lumber, but in his answer merely stated the payments made in gross amounts, without showing the disposition he had made of the lumber,—when sold, to whom sold, for what price sold, etc. The answer was excepted to by appellants because of its vagueness and uncertainty, which exception was overruled. *Held*, the exception to the answer

should have been sustained. The charge of the petition was specific as to the agency of Martin and the shipment of lumber to him at different dates for sale on commission, and the sale of it and its value. The answer of the defendant admits this agency, and the sale of the lumber on commission, at various dates, averaging the amount of sales and putting it at a gross sum. It was the duty of Martin to keep regular accounts of sales of the lumber, of his payments and receipts, and to render accounts to Nugent & Co. from time to time, "without any suppression, concealment or overcharge." Nugent & Co. had a right to be informed of when, and to whom, and at what price their lumber had been sold, so that they might be informed whether they had suffered loss from any negligence or omission of Martin to perform his duty toward them. His right to commissions depended upon whether he had faithfully and duly performed these duties. Gross neglect or misconduct would amount to a complete forfeiture of all right to compensation. [Story's Agency, 254, 450.] Martin claimed that he had fairly discharged his duty; that he had paid over all the money received, and that he was entitled to commissions. To make good this claim he should have shown the particulars of his sales. In the regular performance of his duty, he should have kept accounts of them, and when called upon he should have been prepared to render a specific account. If from any cause he was unable to state his account more specifically, he should have set out such cause.

§ **1174.** *Pleadings must justify admission of evidence.* Defendant's plea of payment being insufficient, because of its want of certainty, evidence in support of it should not have been admitted.

§ **1175.** *Agent; authority of, to sell by clerks, employees, etc.* The authority of Martin to sell the lumber was personal to himself, but that did not prohibit his sale of it in the regular course of business by his clerks or employees or others. He continued responsible for their acts.

Their sales were in fact sales by him. [Wait's Act. & Def. 235.]

§ 1176. *Account books and memorandums; evidence, when.* The books and memorandums of a party made by his clerks or agents are admissible in evidence if the entries were made in the regular course of business and verified by the oaths of the persons who made them as correct, though such persons have no exact recollection of the facts at the time of the trial. [Abb. Tr. Ev. 322.]

November 2, 1881.    Reversed and remanded.